## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC. 2020 Pennsylvania Avenue, NW, #163 Washington, DC 20006 | ) ) ) ) ) | |
| *Plaintiff*, | ) ) ) | Civil Action No. 17-1607 |
| v. | ) ) | |
| U.S. DEPARTMENT OF JUSTICE 950 Pennsylvania Avenue, NW Washington, DC 20530, | ) ) ) ) | |
| U.S. DEPARTMENT OF THE TREASURY 1500 Pennsylvania Avenue, NW Washington, DC 20220 | ) ) ) ) ) | |
| OFFICE OF MANAGEMENT AND BUDGET 725 17th Street, NW Washington, DC 20503 | ) ) ) ) | |
| *Defendants*. | ) ) ) ) ) ) | |

## COMPLAINT

Plaintiff The Protect Democracy Project, Inc. (hereinafter "Protect Democracy") brings this action against Defendants the Department of Justice ("DOJ"), Department of the Treasury ("Treasury"), and Office of Management and Budget ("OMB") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.      Plaintiff Protect Democracy is an organization awaiting 501(c)(3) status, incorporated

under the laws of the District of Columbia, and located at 2020 Pennsylvania Avenue, NW,

#163, Washington, DC 20006.  Plaintiff's mission is to protect American democracy from

descending into a modern form of authoritarianism.  By reinforcing our checks and balances,

Plaintiff works to prevent abuses of power that threaten our free, fair, and fully-informed pursuit

of self-government.  As a critical part of this mission, Plaintiff seeks to inform public

understanding of operations and activities of the government by gathering and disseminating

information that is likely to contribute significantly to the public understanding of executive

branch operations and activities.  Plaintiff regularly requests such information pursuant to

FOIA.  Plaintiff intends to give the public access to documents transmitted via FOIA on its

website, www.protectdemocracy.org, and to provide information about and analysis of those

documents as appropriate.

4.      Defendants DOJ, Treasury, and OMB are agencies of the executive branch of the federal

government of the United States.  Defendant DOJ is headquartered at 950 Pennsylvania Avenue,

NW, Washington, DC 20530.  Defendant Treasury is headquartered at 1500 Pennsylvania

Avenue, NW, Washington, DC 20220.  Defendant OMB is headquartered at 725 17th Street,

NW, Washington, DC 20603.  Defendants have possession, custody, and control of the

documents that Plaintiff seeks in response to its FOIA requests.

## STATEMENT OF FACTS

*The Administration Has Failed to Inform the Public of Any Plan to Avoid a Default on U.S. Debt Obligations, Which Would Have a Catastrophic Impact on the U.S. Economy*

5.      In 1917, Congress granted the executive branch authority to take on debt without coming to Congress for permission—up to a certain limit—as a means of ensuring the efficient and effective functioning of the federal government.  *See* 31 U.S.C. § 3101.  For decades after passage of this legislation, Congress regularly raised the debt limit as necessary to avoid a default on U.S. debt obligations.  The International Monetary Fund has warned that even a temporary failure to meet those obligations would be "catastrophic," with dire results not just for the U.S. but for the global economy.  Treasury has predicted that failure to raise the debt ceiling would "precipitate another financial crisis."

6.      Within the last ten years, however, this routine legislative act has evolved into an occasion for brinkmanship, with Congress's consent to raise the ceiling—and thus, the government's ability to pay its bills—dependent upon a shifting set of conditions and policy concessions.  The willingness of some in Congress to hold the U.S. economy hostage through failure to raise the debt limit as necessary to pay the expenses Congress has already authorized poses a substantial threat to the proper functioning of our democracy.  The mere risk that Congress would fail to raise the debt ceiling in 2013 led to a first-ever downgrading of the U.S.'s credit rating.

7.      In March of this year, U.S. debt obligations surpassed their current statutory limit.  At that time, Treasury began undertaking a series of what it deems "extraordinary measures" to ensure that, despite Congress's failure to raise the debt limit, those dependent on Social Security or Department of Defense pension payments receive their checks and U.S. bondholders have no reason to doubt the full faith and credit of the federal government.

8.      Treasury Secretary Steve Mnuchin has stated that the effectiveness of these

"extraordinary measures" will run its course by the end of next month.

9.      Several Members of Congress have expressed their commitment to attaching certain

policy mandates to any lifting of the debt ceiling this year.  OMB Administrator Mick Mulvaney

is aligned with that approach, though he recently conceded that Secretary Mnuchin's push for a

"clean" raising of the limit—one not tied to negotiations on other policy or spending concerns—

had carried the day in White House policy negotiations.

10.     Secretary Mnuchin's imploring that Congress raise the debt limit before recessing in

August was not successful.  Many Members of Congress are planning to take a hardline on a

debit ceiling increase when they return to work in the fall.  In the last week, several have made

public statements affirming their belief that any raising of the debt limit must be tied to cuts to

programs that contribute to that debt.

11.     There are only 12 legislative days in September for Congress and the White House to

resolve these differences—and they must agree on a stopgap funding measure in those same

handful of days in order to avoid a government shutdown.  One news outlet recently predicted

that September would include a "high-risk showdown" between those in favor of and against

attaching structural changes and spending cuts to a lifting of the debt ceiling.

12.     Neither Administrator Mulvaney nor Secretary Mnuchin has outlined a strategy for

avoiding default on U.S. debts.  When asked by reporters on June 9, 2017 how Treasury would

avoid an economic tailspin if Congress failed to raise the debt ceiling by fall, Secretary Mnuchin

answered: "Treasury secretary superpowers."

13.     The Administration owes U.S. citizens an explanation of its plans to preserve the full

faith and credit of the federal government and prevent catastrophic impact on the U.S. and global

economy.  To the extent the Administration has a plan, it is important for the public to know

what it is.  And to the extent there is no plan, the public should be informed of that fact as well in

order to enlighten and influence congressional debate on this topic.  That is why Protect

Democracy filed its FOIA requests with DOJ, Treasury, and OMB, and that is why Plaintiff now

seeks redress from the Court for the Defendants' failure to come forward with the requested

information, as they are required to do by law.

*FOIA to Defendants and Defendants' Failure to Respond*

14.     On April 19, 2017, Plaintiff sent FOIA requests to Defendants seeking the following

records:

> 1) Any and all records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to requests or legislative proposals, formal or informal, made by the Administration to Congress to raise, suspend, or eliminate the statutory debt limit.
>
> 2) Any and all records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Administration and Members of Congress, congressional staff, congressional committees, or the Congressional Budget Office concerning or referencing the statutory debt limit.
>
> 3) Any and all records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to the consequences to the United States economy and/or government and/or national security in the event that the United States defaulted on its obligations because of the statutory debt limit.
>
> 4) Any and all records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to legal authorities available to the Executive Branch to prevent the United States from defaulting on its obligations in the event that Congress does not raise, suspend, or eliminate the statutory debt limit.
>
> 5) Any and all records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications regarding the statutory debt limit between [DOJ, Treasury, or OMB] and:
>
> a.     The Social Security Administration;
> b.     The Department of Defense Military Retirement Fund;
> c.     The Securities Industry and Financial Markets Association ("SIFMA");
> d.     Blackrock;

  e.    Vanguard Asset Management;
  f.    Fidelity Investments;
  g.    BNY Mellon;
  h.    J.P. Morgan;
  i.    Goldman Sachs.

6) In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The timeframe for this request was January 20, 2017 through the date that searches are conducted for records responsive to this FOIA request. *See* Exhibits A, B, and C ("FOIA requests").

15.    Plaintiff also requested fee waivers pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II). *See* Exhibits A, B, and C.

16.    Plaintiff's request was submitted to the DOJ by fax on April 19, 2017.

17.    Plaintiff's request was submitted to Treasury by fax on April 19, 2017.

18.    Plaintiff's request was submitted to OMB by fax on April 19, 2017.

19.    Plaintiff received acknowledgements of receipt from DOJ and OMB on April 19, 2017. *See* Exhibits D, E.  Plaintiff received acknowledgement of receipt from Treasury on April 20, 2017.  *See* Exhibit F.

20.    On May 8, 2017, Treasury sent a letter granting Plaintiff's fee waiver request and stating that the agency determined Plaintiff's FOIA request to be "complex," requiring "significant processing time."  Treasury reported that Plaintiff's request was number 522 in the agency's "FOIA Queue for Complex Track." *See* Exhibit G.  Since May 8, Plaintiff's FOIA request has fallen to number 530 in that queue.  *See* FOIA Queue for Complex Track, *available at*

https://www.treasury.gov/FOIA/Documents/June-20-2017-Complex-Track-for-DO.PDF (last visited August 4, 2017).

21.     On May 16, 2017, DOJ sent a letter stating that it too had determined Plaintiff's request to be "complex" and reporting that the agency would "need to extend the time limit to respond" to Plaintiff's FOIA request beyond that permitted by statute.  DOJ provided no further information about the extent to which it expected to exceed the time limits imposed by FOIA.  As of the date of that letter, DOJ had "not yet made a decision" with respect to Plaintiff's fee waiver request.  *See* Exhibit H.

22.     OMB has provided no correspondence beyond its initial email acknowledging receipt of Plaintiff's FOIA request.

23.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request—that is, May 17, 2017—Defendants were required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights.  5 U.S.C. § 552(a)(6)(A)(i).

24.     Nearly three months after that statutory deadline, Defendants have failed to make the required determination and notifications.  Nor have Defendants DOJ and OMB made a determination regarding Plaintiff's request for a fee waiver.

### COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

25.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

26.     Defendants are in violation of FOIA by failing to respond to Plaintiff's requests within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendants, by a date certain, to conduct searches that are reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

(2) Order Defendants, by a date certain, to demonstrate that they have conducted adequate searches;

(3) Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as *Vaughn* indexes of any records or portions of records withheld due to a claim of exemption;

(4) Enjoin Defendants from improperly withholding records responsive to Plaintiff's request;

(5) Order Defendants DOJ and OMB to grant Plaintiff's request for a fee waiver;

(6) Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(7) Grant Plaintiff such other relief as the Court deems appropriate.


                                            Respectfully submitted,

Date:  August 10, 2017                 */s/ Justin Florence*

                                            JUSTIN FLORENCE (D.C. Bar No. 988953)
Justin.Florence@protectdemocracy.org
ANNE TINDALL (D.C. Bar No. 494607)
Anne.Tindall@protectdemocracy.org
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave., NW #163
Washington, DC 20006
Phone: 202-599-0466
Fax: 929-777-8428

*Counsel for Plaintiff*